UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA U. LEVY,                              Case No. 1:13-cv-147
          Plaintiff,                         Barrett, J.
                                             Litkovitz, M.J.
     vs.

MACY'S, INC.,                                **REPORT AND**
          Defendant.                         **RECOMMENDATION**


This matter is before the Court on defendant's motion to dismiss the complaint on the

grounds it is frivolous and fails to state a claim to relief (Doc. 10), plaintiff's response in

opposition the motion (Doc. 13), and defendant's reply in support of the motion (Doc. 21).

The matter is also before the Court on defendant's motion to strike plaintiff's second amended

complaint (Doc. 20). Also pending before the Court are plaintiff's motion for relief on a certain

date (Doc. 14), revised motion for relief (Doc. 15), motion to strike the first motion to dismiss

and to receive court documents via email (Doc. 25), and motions to amend/supplement the

complaint (Docs. 24, 27).

## I. Plaintiff's history of litigation in the federal courts

To describe plaintiff Amanda U. Levy as a "frequent filer" would be an understatement.

Plaintiff has filed well over 350 lawsuits in federal courts nationwide.[1] She has filed lawsuits

under the names Amanda Levy, Amanda Ajuluchuku, and Amanda Ajuluchuku-Levy.[2] As the

---

[1] *See* https://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl (accessed on October 17, 2013, list attached). The Court can take judicial notice of matters of public record, including court records available through the PACER system via the internet. *Landt v. Farley*, No. 4:112CV0740, 2012 WL 4473209, at *1, n.2 (N.D. Ohio Sept. 26, 2012) (citation omitted).
[2] Several courts have recognized that Amanda U. Levy and Amanda U. Ajuluchuku are the same person. *Levy v. 7-Eleven Stores*, 3:13-CV-2177-M-BK, 2013 WL 4017161, at *1 (N.D. Tex. Aug. 7, 2013) (citing *Levy v. Rite Corporation*, No. 1:13-CV-0629, Memorandum at 8 (M.D. Pa. Apr. 22, 2013); *Levy v. Hyatt Hotels Corp.*, 1:13-CV-2005, Order at 2 (N.D. Ill. Mar. 20, 2013).

1

attached list of plaintiff's filings shows, plaintiff has sued dozens of defendants, some of them

repeatedly.  *See* https://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl (list attached).  District courts,

including one judge from this district, have previously acknowledged that plaintiff has "a lengthy

history of filing frivolous lawsuits in federal court." *Levy v. Limited Brands,* No. 2:13-cv-67

(S.D. Ohio June 20, 2013) (Graham, J.) (Doc. 28, p. 3 n.1) (citing *Levy v. Hyatt Hotels Corp.*,

No. 1:13-cv-2005 (N.D. Ill. Mar. 20, 2013) (court noted that plaintiff had filed at least 267

federal lawsuits)).  *See also Ajuluchuku-Levy v. Schleifer*, No. 08 CV 1752 (SJF)(AKT), 2009

WL 4890768, at *7 (E.D. N.Y. Dec. 15, 2009) (stating that as of the date of the court's order,

plaintiff had filed 258 actions in various district courts across the nation and that several courts

had noted the majority of the lawsuits were "totally without merit"); *Ajuluchuku v. S. New*

*England Sch. of Law*, No. CIVA1:05-MI-0251, *et seq.*, 2006 WL 2661232 (N.D. Ga. Sept. 14,

2006) (court issued  order disposing of more than 30 civil complaints filed by plaintiff, including

32 filed *in forma pauperis,* and took note that plaintiff had filed over 192 separate civil

complaints across the country over a three-year time span, seeking to proceed *in forma pauperis*

in almost every case) (citing *Ajuluchuku v. YUM! Brand, Inc., Ltd.*, No. Civ.A. 3:05CV-826-H,

2006 WL 1523218, at *2 (W.D. Ky. May 23, 2006)).  Almost all of plaintiff's actions have been

dismissed shortly after being filed.  *See YUM! Brand, Inc.*, No. 3:05CV-826-H, 2006 WL

1523218, at *2 (noting that most of plaintiff's cases were closed less than 90 days after the

complaint was filed and that although the Court did not have the time and resources to

extensively review each such case, "a sampling indicate[d] that the overwhelming majority of

them were dismissed as frivolous and lacking any merit whatsoever").

    A review of some of the cases filed by plaintiff prior to the instant lawsuit indicates that

many of those complaints asserted a claim of disability or other discrimination based on bizarre circumstances such as those alleged here. *See, e.g.*, *Ajuluchuku v. Wendy's International Inc.*, No. 2:05-cv-942 (S.D. Ohio Dec. 6, 2005) (Sargus, J.) (alleging discrimination, including disability discrimination, based on receipt of a fake dollar coin as change for restaurant food purchase in Seattle and seeking $2 trillion in damages); *Levy v. 7-Eleven Stores*, No. 3:13-CV-2177-M-BK., 2013 WL 4017161, at *1 (N.D. Tex. Aug. 7, 2013) (alleging a female employee at defendant's Los Angeles store had "sexually harassed, bullied and falsely imprisoned" plaintiff by calling her "Sweetheart" and that "the trauma caused her to sustain neck injuries"; that an employee at defendant's store in Sacramento "defamed, bullied and falsely imprisoned her in March 2013"; that "sexual harassment and false imprisonment are bullying," and "some women have bullied [plaintiff] all her life for not aging"; and "since then she began to promote the economy by suing corporations for acts of discrimination"); *Ajuluchuku-Levy v. CVS Corp.*, C.A. No. 08-538S, 2009 WL 229970, at *2 (D.R.I. Jan. 30, 2009) (alleging plaintiff was intentionally discriminated against because of her disability and race and subjected to "systematic acts of terrorism by the unnecessary badgering" when defendant refused to exchange without a receipt a duffel bag she had purchased, and seeking damages of $9 trillion); *Ajuluchuku v. Bank of America Corp.*, Nos. 3:06-cv-60, *et seq.*, 2007 WL 952015, at *1 (W.D. N.C. March 27, 2007) (alleging in complaint seeking trillions of dollars in damages against McDonald's Corp. and other defendants that after inquiring about Equal/Splenda at McDonald's restaurant in North Carolina, asking to speak to the manager and being given a phone number that no one answered, and then calling the police to complain about "the ongoing discrimination," defendants ordered her out of their restaurant, which caused plaintiff to suffer seizures and other injuries).

3

The Southern District of Ohio has not been immune to plaintiff's frivolous filings. Plaintiff has filed five lawsuits in this district. In addition to the lawsuit she filed in 2005 against Wendy's International Inc., (Case No. 2:05-cv-942), plaintiff filed four additional lawsuits in this district, including the present action, between January and March 2013. *See Levy v. Limited Brands*, Case No. 2:13-cv-067 (S.D. Ohio Jan. 25, 2013)[3]; *Levy v. Bloomingdales (Macy's)*, Case No. 1:13-cv-128 (S.D. Ohio Feb. 19, 2013); *Levy v. Macy's (Century City)*, Case No. 1:13-cv-148 (S.D. Ohio March 14, 2013).

**II. The present lawsuit is frivolous and should be dismissed.**

Defendant Macy's Inc. ("Macy's") moves to dismiss the complaint (Doc. 3) and the amended complaint (Doc. 7) filed in the instant lawsuit as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and for failure to state a claim to relief pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 10).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if the court is satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in either fact or law. *Neitzke,* 490 U.S.

---

[3] The complaint in that case has been dismissed. The complaint alleged disability discrimination, breach of contract, and personal injury based on allegations defendant broke a promise made over the telephone to plaintiff in California that if she would come to New York, she would be assigned as a model for Victoria's Secret, one of defendant's corporate subsidiaries. (Doc. 28, June 20, 2013 Order).

4

at 327-28. *See also Perry v. Broadcast Music, Inc.*, 23 F. App'x 210, 211 (6th Cir. 2001). An action has no arguable legal basis when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32-33; *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.*, No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio

5

April 6, 2010) (citation omitted).

In the instant case, plaintiff's allegations are nonsensical, baseless, and delusional. Plaintiff alleges in the original complaint that on July 10, 2012, she visited one of defendant's Sacramento, California stores located in Arden Mall to purchase Elizabeth Arden products which defendant was promoting. (Doc. 3 at 1). Two Caucasian women and one African-American woman "shooed her" and refused to sell these products to plaintiff; instead, they preferred to send her to Sunrise Mall. (*Id*.). Someone acknowledged having Elizabeth Arden products in Arden Mall. Plaintiff alleges she "also" suffered discrimination in defendant's Los Angeles store in June 2012, and she consequently fell sideways and injured her ankle. (*Id*.). Plaintiff alleges:

> Some women have bullied me all my life for not growing. My own son has outgrown me in age and height. I truly believe Defendant's female salespersons maliciously bullied me on July 10, 2012. My father was born on February 10. When he was alive, he festooned me with unconditional love. Apart from promoting the economy, lawsuits are supposed to make us better citizens. It's one human race. They help us accommodate persons with physical disabilities.

(*Id*. at 1-2).

Plaintiff claims she suffered discrimination in public accommodation based upon her national origin (she alleges her father was Nigerian) and physical disability. (*Id*. at 2). Plaintiff claims she is disabled under the ADA, and she describes her disability as follows, referring to herself in the third person:

> She has problems with walking, standing, running, hearing, driving, aging etc. When she was two years old, she fell down and injured the center of her head. It was split into two. She could not grow past 8 years old. It was not until she became pregnant with her son she grew. He gave her stem cells. Since his birth, she stopped growing. He has outgrown her. Sometimes, she walks with a cane. She drives about twenty-five miles an hour on the streets and freeways. She can't age without her children. Given that she drives about twenty miles an hour, Dr. Mark Schwartz issued her a permanent disabled placard. It renews automatically every two years.

6

(*Id*. at 4).

Plaintiff also claims that defendant committed the torts of assault and battery ("Defendant committed assault and battery. Shooing is both an assault and battery"); negligence; "personal injury tort" in that she suffered bruises, darkened skin on her face and neck, and rashes because of undue stress resulting from defendant's "mal conduct"; and breach of oral contract because defendant promised to sell her Elizabeth Arden products and instead sent her to Sunrise Mall. (*Id*. at 2-3). As relief plaintiff seeks $2 million dollars in compensatory damages for undue stress, pain and suffering related to her personal injuries, out of pocket medical expenses, "permanent damage to her body," embarrassment, humiliation, and discrimination based on national origin and disability; future medical treatment for her injuries; and punitive damages to deter such malicious and oppressive conduct by defendant in the future. (*Id*. at 4).

The allegations of the amended complaint are similar except that plaintiff has added sections on "Types of bullying" and "Facts on bullying" in which she describes certain types of bullying and alleges:

> Defendant intentionally bullied me. They oust their victims from events. When they invite them, they harm or kill them. I am submitting my Certificate of Interested Parties. More than 48 states, including Ohio have adopted anti-bullying laws.

(Doc. 7 at 2-3).

Plaintiff's complaint[4] contains factual allegations that are nothing more than "delusional," "irrational," and "wholly incredible," and the complaint is therefore "factually frivolous." *See Denton*, 504 U.S. at 32-33. The complaint includes legal conclusions, but they

_____

[4] The Court will refer to both the complaint and the amended complaint as the "complaint" as both contain essentially the same allegations and the same claims.

7

are unsupported by coherent factual allegations to enable the Court to conclude that the

complaint states a plausible claim for relief against the named defendant. The complaint

provides no factual content or context from which the Court may reasonably infer that the

defendant violated plaintiff's federal rights. There is no logical construction of plaintiff's

complaint from which the Court can divine a viable claim against defendant over which the

Court might have jurisdiction. Nor does plaintiff cite any facts or law in response to defendant's

motions showing her claims have any merit, that amendment of the complaint would not be

futile, or that she is entitled to any of the other relief sought.

Because plaintiff's complaint against defendant is incomprehensible, baseless, and

delusional, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on the

ground it is frivolous and pursuant to Fed. R. Civ. P. 12(b)(6) on the ground it fails to state a

claim to relief.

Plaintiff's motions for leave to amend or supplement the complaint (Docs. 24, 27) should

be denied because any further amendments to the complaint would clearly be futile. *See Coe v.

Bell,* 161 F.3d 320, 341-42 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.

1994)).

**III. Plaintiff should be sanctioned to prevent future frivolous filings.**

Ms. Levy's repeated filing of frivolous and vexatious lawsuits such as the present lawsuit

has caused courts across the country to sanction her. Many districts have declared plaintiff to be

a vexatious litigator, have required her to obtain permission before filing suit, or have imposed

other restrictions to curb her filing of frivolous lawsuits. *Limited Brands,* No. 2:13-cv-67 (S.D.

Ohio June 20, 2013) (Graham, J.) (Doc. 28, pp. 2-3 n.1) (citing *Levy v. Hyatt Hotels Corp*., No.

8

1:13-cv-2005 (N.D. Ill. Mar. 20, 2013) (plaintiff has been restricted by many districts from filing suit without leave of court); *S. New England Sch. of Law*, No. CIVA1:05-MI-0251, *et seq*., 2006 WL 2661232, at *7 (Georgia district court declared plaintiff "a vexatious litigant" and ordered that plaintiff be restricted from filing any civil complaints without payment of the full statutory filing fee; required that any such filing be accompanied by (1) a certification that neither the claims alleged nor the named defendants have been the subject of a pending law suit in any federal or state court and (2) a copy of the restraining order entered by the district judge in that district and a copy of all other restraining orders entered in any district or state court; and required that plaintiff post a $10,000 bond simultaneous with the filing of any civil complaint "to cover the likely award of costs and attorneys' fees to the next defendant victimized by one of plaintiff's frivolous filings"); *Yum! Brand, Inc., Ltd*, 3:05cv-826H, 2006 WL 1523218, at *3 (court entirely restricted plaintiff from proceeding *in forma pauperis* in any future action before the court); *Ajuluchuku v. Wachovia Corp*., No. 3:06-CV-0612, 2006 WL 2795540, at *1 (N.D. Tex. Sept. 27, 2006) (court sanctioned plaintiff for continuous filing of frivolous lawsuits and misuse of the judicial system and barred her from filing any civil actions in that district court until her sanctions were paid).

The filing of frivolous lawsuits and motions strains an already burdened judicial system. As the Supreme Court has recognized: "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the

9

processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179-80 (1991).

"Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly

administration of justice by diverting scarce judicial resources from cases having merit. . . ."

*U.S. ex rel. Verdon v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). *See*

*also Purk v. United States*, No. 3:03-cv-287, 2005 WL 776135, at *3 (S.D. Ohio 2005) (Report

and Recommendation), *adopted,* 2005 WL 2124157 (S.D. Ohio Aug 30, 2005). "[O]ne acting

pro se has no license to harass others, clog the judicial machinery with meritless litigation, and

abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06-cv-246, 2006 WL

1133220, at *1 n.2 (S.D. Ohio April 27, 2006) (quotation omitted).

When a litigant abuses the judicial system by repeatedly filing frivolous lawsuits or

motions, sanctions are appropriate. The Court may not absolutely foreclose an individual from

initiating an action or pursuing an appeal in federal court. *Ortman v. Thomas*, 99 F.3d 807, 811

(6th Cir. 1996). However, federal courts have the inherent power to impose appropriate

sanctions, including restrictions on future access to the judicial system, to deter future frivolous,

harassing or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991);

*Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). *Accord First Bank of Marietta v.*

*Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002) (courts possess inherent

authority to sanction bad-faith conduct without regard to whether such conduct could be

sanctioned under other applicable rules or statutes). Pursuant to the Court's inherent power, the

Court may impose pre-filing restrictions on an individual with a history of repetitive or vexatious

litigation. *Ortman*, 99 F.3d at 811; *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.

1998). A prolific litigator may be required to obtain leave of Court before any further

10

complaints will be accepted for filing, *see Filipas*, 835 F.2d at 1146, and the Court may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g., Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989). *See also In re McDonald*, 489 U.S. at 180.

This Court need not wait for Ms. Levy's filings to reach the outlandish numbers found in other federal district courts around the country before placing a halt to her frivolous litigation. Obviously, the numerous sanctions already imposed by other federal courts have not deterred Ms. Levy. Ms. Levy's history of abusive and vexatious litigation and her frivolous and baseless allegations in this matter evidence her bad faith and warrant pre-filing sanctions. Ms. Levy's persistent submission of frivolous lawsuits serves no legitimate purpose, wastes the Court's resources, and deprives other litigants with meritorious claims of speedy resolution of their cases. Requiring court review of any proposed future filings by Ms. Levy would likely result in a waste of scarce judicial resources. *See Moore v. Hillman*, Nos. 4:06-cv-43, *et seq.*, 2006 WL 1313880, at *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.*, 33 F.3d 733, 736 (7th Cir. 1994)). To deal with such a problem, courts have restricted pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the lawsuit is not brought for any improper purpose. *See Ortman*, 99 F.3d at 811; *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (table), 1997 WL 321112, at *1 (6th Cir. June 11, 1997); *May v. Guckenberger*, No. C-1-00-794, 2001 WL 1842462, at *6 (S.D. Ohio Apr. 26, 2001). The Court finds that a similar sanction is appropriate in this case to deter Ms. Levy from filing future vexatious and frivolous lawsuits in this Court.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) on the ground it is frivolous and pursuant to Fed. R. Civ. P. 12(b)(6) on the ground it fails to state a claim to relief.

2. Plaintiff's motions for leave to amend/supplement the complaint (Doc. 24, 27) be **DENIED**.

3. Defendant's motion to strike the second amended complaint (Doc. 20) and plaintiff's motion for relief on a certain date (Doc. 14), revised motion for relief (Doc. 15), and motion to strike the motion to dismiss and receive court documents via email (Doc. 25) be **DENIED** as moot.

5. Amanda U. Levy/Amanda Ajuluchuku/Amanda Levy-Ajuluchuku be **ENJOINED** from filing any future civil actions in the Southern District of Ohio unless the complaint is first certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted. The Clerk of Court should be directed to reject any complaint from Amanda U. Levy/Amanda Ajuluchuku/Amanda Levy-Ajuluchuku unless she complies with the Court's pre-filing certification instructions and pays the full filing fee.

5. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/22/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA U. LEVY,                         Case No. 1:13-cv-147
    Plaintiff,                      Barrett, J.
                                        Litkovitz, M.J

    vs.

MACY'S, INC.,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13



**PACER**
**Case Locator**

**Civil Party Search**
Thu Oct 17 16:04:05 2013
313 records found

User: ux3930 E
Client:
Search: Civil Party Search Name ajuluchuku All Courts Page: 1

| | Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 1 | Ajuluchuku, Amanda (pla) | cacdce | 2:2004-cv-10146 | 320 | 12/13/2004 | 01/03/2005 |
| | Amanda U Ajuluchuku v. Saint James Episcopal Church | | | | | |
| 2 | Ajuluchuku, Amanda (pla) | cacdce | 2:2004-cv-10147 | 360 | 12/13/2004 | 01/03/2005 |
| | Amanda U Ajuluchuku v. Torrance Unified School District | | | | | |
| 3 | Ajuluchuku, Amanda (pla) | cacdce | 2:2004-cv-10148 | 360 | 12/13/2004 | 01/03/2005 |
| | Amanda U Ajuluchuku v. W Lynn Brown | | | | | |
| 4 | Ajuluchuku, Amanda (pla) | cacdce | 2:2004-cv-10149 | 360 | 12/13/2004 | 01/03/2005 |
| | Amanda U Ajuluchuku v. LAUSD | | | | | |
| 5 | Ajuluchuku, Amanda (pla) | cacdce | 2:2004-cv-10150 | 360 | 12/13/2004 | 01/03/2005 |
| | Amanda U Ajuluchuku v. Computer Sciences Corporation | | | | | |
| 6 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-01766 | 350 | 03/10/2005 | 04/04/2005 |
| | Amanda U Ajuluchuku v. Thomas Wire Law Offices | | | | | |
| 7 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-04104 | 446 | 06/07/2005 | 06/24/2005 |
| | Amanda U Ajuluchuku v. Robert S Levy | | | | | |
| 8 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-04101 | 446 | 06/07/2005 | 06/24/2005 |
| | Amanda U Ajuluchuku v. Ozurovich and Schwartz Law Offices of | | | | | |
| 9 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-04105 | 446 | 06/07/2005 | 06/24/2005 |
| | Amanda U Ajuluchuku v. Thomas Wire Law Offices of | | | | | |
| 10 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-04186 | 440 | 06/09/2005 | 06/24/2005 |
| | Amanda U Ajuluchuku v. Law Office of Thomas Wire | | | | | |
| 11 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05542 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Thomas Wire Law Offices of | | | | | |
| 12 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05544 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Thomas Wire Law Offices of | | | | | |
| 13 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05545 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Computer Sciences Corporation | | | | | |
| 14 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05546 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Thomas Wire Law Offices of | | | | | |
| 15 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05698 | 440 | 09/11/2006 | 09/29/2006 |
| | Amanda U Ajuluchuku v. W Lynne Brown | | | | | |
| 16 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05700 | 440 | 09/11/2006 | 09/26/2006 |
| | Amanda U Ajuluchuku v. JP Morgan Chase and Co | | | | | |
| 17 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05818 | 440 | 09/14/2006 | 09/25/2006 |
| | Amanda U Ajuluchuku v. Robin Symons et al | | | | | |
| 18 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05819 | 440 | 09/14/2006 | 09/25/2006 |
| | Amanda U Ajuluchuku v. Pavilions et al | | | | | |
| 19 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05921 | 440 | 09/18/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Chevy Chase Bank | | | | | |
| 20 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05922 | 445 | 09/18/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Verizon Communications Inc | | | | | |
| 21 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05923 | 440 | 09/18/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Boeing | | | | | |
| 22 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05547 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. W Lynn Brown et al | | | | | |
| 23 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05549 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Ozurovich and Schwartz Law Offices of | | | | | |
| 24 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05550 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Robert S Levy | | | | | |
| 25 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05551 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. LAUSD | | | | | |
| 26 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05552 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Torrance Unified School District | | | | | |
| 27 | Ajuluchuku, Amanda (pla) | cacdce | 2:2005-cv-05553 | 446 | 08/01/2005 | 08/19/2005 |
| | Amanda U Ajuluchuku v. Saint James Episcopal Church | | | | | |
| 28 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05687 | 440 | 09/11/2006 | 09/26/2006 |
| | Amanda U Ajuluchuku v. Extended Stay America | | | | | |
| 29 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05924 | 440 | 09/18/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Morgan State University | | | | | |
| 30 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05925 | 440 | 09/18/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Amtrak | | | | | |
| 31 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05900 | 440 | 09/15/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Victorias Secret et al | | | | | |
| 32 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05903 | 440 | 09/15/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Sears | | | | | |
| 33 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05897 | 440 | 09/15/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. Macys et al | | | | | |
| 34 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-06091 | 440 | 09/25/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. SunTrust Banks Incorporated | | | | | |
| 35 | Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-06093 | 440 | 09/25/2006 | 10/13/2006 |
| | Amanda U Ajuluchuku v. D Albert Brannen et al | | | | | |
| 36 | Ajuluchuku, Amanda U. (pla) | cacdce | 2:2012-cv-09352 | 440 | 10/31/2012 | 11/28/2012 |
| | Amanda U Ajuluchuku v. Chase Bank | | | | | |
| 37 | Ajuluchuku, Amanda U. (pla) | cacdce | 2:2013-cv-00314 | 440 | 01/15/2013 | 02/06/2013 |
| | Amanda U Ajuluchuku v. Citibank | | | | | |
| 38 | Ajuluchuku, Amanda U. (pla) | caedce | 1:2005-cv-00475 | 870 | 04/07/2005 | 05/06/2005 |
| | Amanda Ajuluchuku v. IRS | | | | | |
| 39 | Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-01606 | 442 | 06/15/2012 | 01/11/2013 |
| | (PS) Ajuluchuku v. Victoria's Secret | | | | | |
| 40 | Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-01607 | 442 | 06/15/2012 | 03/26/2013 |

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| (PS)Ajuluchuku v. Google | | | | | |
| 41 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-01605 | 446 | 06/15/2012 | 01/04/2013 |
| (PS)Ajuluchuku v. State of Maryland | | | | | |
| 42 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-01855 | 440 | 07/13/2012 | 01/03/2013 |
| (PS) Ajuluchuku v. Macy's et al | | | | | |
| 43 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05690 | 440 | 09/11/2006 | 09/26/2006 |
| Amanda U Ajuluchuku v. People Assisting the Homeless | | | | | |
| 44 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05691 | 440 | 09/11/2006 | 09/29/2006 |
| Amanda U Ajuluchuku v. Wells Fargo and Co | | | | | |
| 45 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05692 | 440 | 09/11/2006 | 09/29/2006 |
| Amanda U Ajuluchuku v. Scott Oswald et al | | | | | |
| 46 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05693 | 440 | 09/11/2006 | 09/29/2006 |
| Amanda U Ajuluchuku v. Bank of America | | | | | |
| 47 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05694 | 440 | 09/11/2006 | 09/29/2006 |
| Amanda U Ajuluchuku v. Washington Mutual Incorporated | | | | | |
| 48 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05696 | 440 | 09/11/2006 | 09/29/2006 |
| Amanda U Ajuluchuku v. Baltimore County Police | | | | | |
| 49 Ajuluchuku, Amanda (pla) | cacdce | 2:2006-cv-05697 | 440 | 09/11/2006 | 09/29/2006 |
| Amanda U Ajuluchuku v. Robert Ward Jr et al | | | | | |
| 50 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-02172 | 440 | 08/20/2012 | 01/11/2013 |
| (PS) Ajuluchuku v. Citibank | | | | | |
| 51 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-02173 | 440 | 08/20/2012 | 10/09/2012 |
| (PS) Ajuluchuku v. Chase Bank | | | | | |
| 52 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-02205 | 440 | 08/23/2012 | 11/30/2012 |
| (PS) Ajuluchuku v. Apple, Inc. | | | | | |
| 53 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-02203 | 440 | 08/23/2012 | 01/04/2013 |
| (PS) Ajuluchuku v. United Air Lines | | | | | |
| 54 Ajuluchuku, Amanda U. (pla) | caedce | 2:2012-cv-02494 | 440 | 10/04/2012 | 11/14/2012 |
| (PS) Ajuluchuku v. Extended Stay, et al | | | | | |

| | |
|---|---|
| | Receipt 10/17/2013 16:04:06 76119981 |
| **User** ux3930 E | |
| **Client** | |
| **Description** Civil Party Search | |
| Name ajuluchuku All Courts Page: 1 | |
| **Pages** 1 ($0.08) | |



Civil Party Search
Thu Oct 17 15:58:07 2013
54 records found

User: ux3930 E
Client:
Search: Civil Party Search Name levy, amanda All Courts Page: 1

| | Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 1 | Levy, Amanda (pla) | ilndce | 1:2013-cv-02005 | 440 | 03/12/2013 | 03/20/2013 |
| | Levy v. Hyatt Hotels Corporation | | | | | |
| 2 | Levy, Amanda (pla) | ncwdce | 3:2013-cv-00136 | 440 | 02/28/2013 | 07/09/2013 |
| | Levy v. Extended Stay America | | | | | |
| 3 | Levy, Amanda U (pla) | scdce | 7:2013-cv-00565 | 446 | 03/04/2013 | 10/11/2013 |
| | Levy v. Dennys Corporation | | | | | |
| 4 | Levy, Amanda U (pla) | txndce | 3:2006-cv-00612 | 360 | 04/06/2006 | 09/27/2006 |
| | Ajaluchuku v. Wachovia Corporation | | | | | |
| 5 | Levy, Amanda U (pla) | txndce | 3:2013-cv-02177 | 360 | 06/11/2013 | 08/07/2013 |
| | Levy v. 7-Eleven Stores | | | | | |
| 6 | Levy, Amanda U (pet) | txsdce | 4:2013-mc-00411 | | 03/04/2013 | 03/12/2013 |
| | Levy v. BP Corporation. DO NOT DOCKET IN MC 13-411. ENTRIES SHOULD BE MADE IN THE RELATED CIVIL CASE. | | | | | |
| 7 | Levy, Amanda U (pla) | txsdce | 4:2013-cv-00688 | 446 | 03/11/2013 | 09/11/2013 |
| | Levy v. BP Corporation | | | | | |
| 8 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-00950 | 440 | 02/07/2013 | 03/29/2013 |
| | Levy v. Chase Bank | | | | | |
| 9 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01286 | 440 | 02/25/2013 | 04/23/2013 |
| | Levy v. Forbes Magazine | | | | | |
| 10 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01287 | 440 | 02/25/2013 | 03/29/2013 |
| | Levy v. JP Morgan Chase | | | | | |
| 11 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01288 | 440 | 02/25/2013 | 05/14/2013 |
| | Levy v. City of University of New York (Hunter College) | | | | | |
| 12 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01386 | 440 | 02/26/2013 | 05/29/2013 |
| | Levy v. Fox News Corporation | | | | | |
| 13 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01385 | 440 | 02/26/2013 | 03/18/2013 |
| | Levy v. ABC News et al | | | | | |
| 14 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01849 | 440 | 03/19/2013 | 04/03/2013 |
| | Levy v. Google, Inc. | | | | | |
| 15 | Levy, Amanda U. (pla) | arwdce | 5:2013-cv-05046 | 360 | 03/04/2013 | |
| | Levy v. Walmart Stores, Inc. | | | | | |
| 16 | Levy, Amanda U. (pla) | cacdce | 2:2013-cv-03464 | 440 | 05/14/2013 | 05/28/2013 |
| | Amanda U Levy v. 24 Hour Fitness Worldwide, Inc | | | | | |
| 17 | Levy, Amanda U. (pla) | cacdce | 2:2013-cv-03457 | 440 | 05/14/2013 | |
| | Amanda U Levy v. Famimal! | | | | | |
| 18 | Levy, Amanda U. (pla) | cacdce | 2:2013-cv-06036 | 360 | 08/16/2013 | 08/23/2013 |
| | Amanda U Levy v. W Lynne Brown et al | | | | | |
| 19 | Levy, Amanda U. (pla) | candce | 3:2013-cv-00893 | 446 | 02/27/2013 | 06/03/2013 |
| | Levy v. 24 Hour Fitness Worldwide, Inc. (Santa Monica) | | | | | |
| 20 | Levy, Amanda U. (pla) | candce | 3:2013-cv-00892 | 446 | 02/27/2013 | 04/16/2013 |
| | Levy v. 24 Hour Fitness Worldwide, Inc. (North Hollywood) | | | | | |
| 21 | Levy, Amanda U. (pla) | candce | 3:2013-cv-00927 | 446 | 02/28/2013 | 06/03/2013 |
| | Levy v. 24 Hour Fitness Worldwide, Inc. (Sacramento) | | | | | |
| 22 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01853 | 440 | 03/19/2013 | 05/29/2013 |
| | Levy v. ClearChannel | | | | | |
| 23 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01969 | 440 | 03/25/2013 | 05/08/2013 |
| | v. 24 Hour Fitness Worldwide, Inc | | | | | |
| 24 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02028 | 440 | 03/25/2013 | 05/29/2013 |
| | Levy v. Apple, Inc. | | | | | |
| 25 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02039 | 440 | 03/26/2013 | 08/16/2013 |
| | Levy v. Centerbridge Partners, L.P. | | | | | |
| 26 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-01968 | 440 | 03/25/2013 | 04/10/2013 |
| | Levy v. McDonalds Corporation | | | | | |
| 27 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02021 | 440 | 03/25/2013 | 05/20/2013 |
| | Levy v. Starbucks Corporation | | | | | |
| 28 | Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02022 | 440 | 03/25/2013 | 04/10/2013 |
| | Levy v. United Airlines, Inc. | | | | | |
| 29 | Levy, Amanda U. (pla) | candce | 4:2013-cv-02076 | 445 | 05/07/2013 | 07/10/2013 |
| | Levy v. Google, Inc. | | | | | |
| 30 | Levy, Amanda U. (pla) | candce | 4:2013-cv-02075 | 360 | 05/07/2013 | 07/10/2013 |
| | Levy v. Apple, Inc. | | | | | |
| 31 | Levy, Amanda U. (pla) | candce | 3:2013-cv-02077 | 360 | 05/07/2013 | 06/03/2013 |
| | Levy v. 24 Hour Fitness Worldwide, Inc. | | | | | |
| 32 | Levy, Amanda U. (pla) | candce | 4:2013-cv-03838 | 445 | 08/19/2013 | 09/23/2013 |
| | Levy v. Google, Inc. | | | | | |
| 33 | Levy, Amanda U. (pla) | candce | 4:2013-cv-04143 | 360 | 09/06/2013 | 10/03/2013 |
| | Levy v. Apple, Inc. | | | | | |
| 34 | Levy, Amanda U. (pla) | ctdce | 3:2013-cv-00810 | 443 | 06/05/2013 | 06/10/2013 |
| | Levy v. Subway | | | | | |
| 35 | Levy, Amanda U. (pla) | flsdce | 1:2013-cv-20763 | 360 | 03/04/2013 | 04/26/2013 |
| | Levy v. Burger King, Inc. | | | | | |
| 36 | Levy, Amanda U. (inre) | ilndce | 1:2013-cv-02544 | 999 | 04/05/2013 | 04/05/2013 |
| | In Re: Amanda U. Levy | | | | | |
| 37 | Levy, Amanda U. (pla) | ilndce | 1:2013-cv-01649 | 446 | 03/04/2013 | 04/04/2013 |
| | Levy v. United Airlines, Inc. | | | | | |
| 38 | Levy, Amanda U. (pla) | ilndce | 1:2013-cv-01656 | 446 | 03/04/2013 | 09/26/2013 |
| | Levy v. McDonalds Corporation | | | | | |
| 39 | Levy, Amanda U. (pla) | mddce | 1:2013-cv-00725 | 440 | 03/08/2013 | 04/02/2013 |
| | Levy v. Baltimore County Police Department | | | | | |
| 40 | LEVY, AMANDA U. (pla) | njdce | 2:2013-cv-01300 | 440 | 03/04/2013 | 06/12/2013 |

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| LEVY v. THE FOOD EMPORIUM et al | | | | | |
| 41 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-00948 | 440 | 02/07/2013 | 03/29/2013 |
| Levy v. NBC Universal | | | | | |
| 42 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-00949 | 440 | 02/07/2013 | 03/29/2013 |
| Levy v. Citibank | | | | | |
| 43 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02025 | 440 | 03/25/2013 | 06/12/2013 |
| Levy v. Baltimore County Police Department | | | | | |
| 44 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02026 | 440 | 03/25/2013 | 05/08/2013 |
| Levy v. Famimal! | | | | | |
| 45 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02098 | 440 | 03/28/2013 | 04/05/2013 |
| Levy v. California State Library et al | | | | | |
| 46 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-02099 | 440 | 03/28/2013 | 06/12/2013 |
| Levy v. Burger King, Inc. | | | | | |
| 47 Levy, Amanda U. (pla) | nysdce | 1:2013-cv-04264 | 360 | 06/20/2013 | 07/01/2013 |
| (PS) Levy v. Chase Bank et al | | | | | |
| 48 Levy, Amanda U. (pla) | ohsdce | 2:2013-cv-00067 | 360 | 01/25/2013 | 06/20/2013 |
| Levy v. Limited Brands | | | | | |
| 49 Levy, Amanda U. (pla) | ohsdce | 1:2013-cv-00128 | 360 | 02/19/2013 | |
| Levy v. Bloomingdales (Macy's) | | | | | |
| 50 Levy, Amanda U. (pla) | ohsdce | 1:2013-cv-00147 | 360 | 03/04/2013 | |
| Levy v. Macy's (Sacramento) | | | | | |
| 51 Levy, Amanda U. (pla) | ohsdce | 1:2013-cv-00148 | 360 | 03/04/2013 | |
| Levy v. Macy's (Century City) | | | | | |
| 52 Levy, Amanda U. (pla) | pamdce | 1:2013-cv-00629 | 440 | 03/08/2013 | 04/22/2013 |
| Levy v. Rite Aid Corporation | | | | | |
| 53 Levy, Amanda U. (pla) | txwdce | 5:2013-cv-00162 | 360 | 03/01/2013 | 08/21/2013 |
| Levy v. ClearChannel (LA) | | | | | |
| 54 Levy, Amanda U. (pla) | txwdce | 5:2013-cv-00171 | 360 | 03/04/2013 | 07/18/2013 |
| Levy v. ClearChannel (NYC) | | | | | |

|  |  |
|---|---|
| | **Receipt** 10/17/2013 15:58:08 76116767 |
| **User** | ux3930 E |
| **Client** | |
| **Description** | Civil Party Search |
| | Name levy, amanda All Courts Page: 1 |
| **Pages** | 1 ($0.08) |



**PACER**
Case Locator

**Civil Party Search**
Thu Oct 17 16:07:38 2013
39 records found

User: ux3930 E
Client:
Search: Civil Party Search Name ajuluchuku-levy All Courts Page: 1

| | Party Name | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| 1 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2008-cv-00567 | 440 | 01/29/2008 | 02/13/2008 |
| | Amanda U. Ajuluchuku-Levy v. Bernard A. Rax et al | | | | | |
| 2 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2008-cv-07115 | 440 | 10/28/2008 | 11/10/2008 |
| | Ajuluchuku-Levy v. Rescigno et al | | | | | |
| 3 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05111 | 445 | 07/15/2009 | 12/24/2009 |
| | Amanda U. Ajuluchuku-Levy v. Accountpros et al | | | | | |
| 4 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05115 | 445 | 07/15/2009 | 03/02/2010 |
| | Amanda Ajuluchuku-Levy v. Accountants, Inc. et al | | | | | |
| 5 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05116 | 445 | 07/15/2009 | 09/14/2009 |
| | Amanda U. Ajuluchuku-Levy v. Ajilon Finance et al | | | | | |
| 6 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05118 | 445 | 07/15/2009 | 10/15/2009 |
| | Amanda U. Ajuluchuku-Levy v. American Express Co et al | | | | | |
| 7 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05119 | 440 | 07/15/2009 | 10/14/2009 |
| | Amanda U. Ajuluchuku-Levy v. Argosy University et al | | | | | |
| 8 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05120 | 440 | 07/15/2009 | 09/22/2009 |
| | Amanda U. Ajuluchuku-Levy v. Bank of America et al | | | | | |
| 9 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05122 | 440 | 07/15/2009 | 10/13/2009 |
| | Amanda U. Ajuluchuku-Levy v. Bank of North Carolina et al | | | | | |
| 10 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05124 | 440 | 07/15/2009 | 01/22/2010 |
| | Amanda U. Ajuluchuku-Levy v. Cecil Hotel | | | | | |
| 11 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05125 | 440 | 07/15/2009 | 02/09/2010 |
| | Amanda U. Ajuluchuku-Levy v. Comerica Bank et al | | | | | |
| 12 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05151 | 440 | 07/15/2009 | 01/22/2010 |
| | Amanda U. Ajuluchuku-Levy v. McDonald's et al | | | | | |
| 13 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05155 | 445 | 07/15/2009 | 10/30/2009 |
| | Amanda U. Ajuluchuku-Levy v. Michael Page International et al | | | | | |
| 14 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05126 | 440 | 07/15/2009 | 10/02/2009 |
| | Amanda U. Ajuluchuku-Levy v. CVS Pharmacy et al | | | | | |
| 15 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05131 | 440 | 07/15/2009 | 02/09/2010 |
| | Amanda U. Ajuluchuku-Levy v. FedEx Office et al | | | | | |
| 16 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05132 | 440 | 07/15/2009 | 11/09/2009 |
| | Amanda U. Ajuluchuku-Levy v. Employment Development Department et al | | | | | |
| 17 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05130 | 440 | 07/15/2009 | 02/09/2010 |
| | Amanda U. Ajuluchuku-Levy v. Great Stops | | | | | |
| 18 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05148 | 440 | 07/15/2009 | 07/23/2009 |
| | Amanda U. Ajuluchuku-Levy v. Los Angeles County Sheriff | | | | | |
| 19 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05158 | 440 | 07/15/2009 | 10/30/2009 |
| | Amanda U. Ajuluchuku-Levy v. New Image Emergency Shelter | | | | | |
| 20 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05160 | 440 | 07/15/2009 | 11/13/2009 |
| | Amandan U. Ajuluchuku-Levy v. Radio Shack et al | | | | | |
| 21 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05161 | 445 | 07/15/2009 | 02/09/2010 |
| | Amanda U. Ajuluchuku-Levy v. Remx Financial Staffing | | | | | |
| 22 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05162 | 440 | 07/15/2009 | 08/24/2009 |
| | Amanda U. Ajuluchuku-Levy v. RBC Bank et al | | | | | |
| 23 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05163 | 440 | 07/15/2009 | 09/22/2009 |
| | Amanda U. Ajuluchuku-Levy v. Super Shuttle Transporation et al | | | | | |
| 24 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05164 | 445 | 07/15/2009 | 08/24/2009 |
| | Amanda U. Ajuluchuku-Levy v. Tutor.Com | | | | | |
| 25 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05134 | 445 | 07/15/2009 | 10/15/2009 |
| | Amanda U. Ajuluchuku-Levy v. Dallas Employment Services, Inc. | | | | | |
| 26 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05138 | 440 | 07/15/2009 | 01/22/2010 |
| | Amanda U. Ajuluchuku-Levy v. U.S. Department of Homeland Security | | | | | |
| 27 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05141 | 440 | 07/15/2009 | 11/24/2009 |
| | Amanda U. Ajuluchuku-Levy v. Hunter College et al | | | | | |
| 28 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05166 | 445 | 07/16/2009 | 09/03/2009 |
| | Amanda U. Ajuluchuku-Levy v. Insurance One Agency | | | | | |
| 29 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 8:2009-cv-00814 | 446 | 07/15/2009 | 10/21/2009 |
| | Ujuluchuku Levy v. Good Nite Inn et al | | | | | |
| 30 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 8:2009-cv-00815 | 440 | 07/15/2009 | 10/28/2009 |
| | Amanda U Ajuluchuku Levy v. Kentucky Fried Chicken et al | | | | | |
| 31 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-05165 | 445 | 07/15/2009 | 11/24/2009 |
| | Amanda U. Ajuluchuku-Levy v. Volt Services Group et al | | | | | |
| 32 | Ajuluchuku-Levy, Amanda U (pla) | cacdce | 2:2009-cv-06059 | 440 | 08/19/2009 | 08/27/2009 |
| | Amanda U. Ajuluchuku-Levy v. JVS Work Source Center | | | | | |
| 33 | AJULUCHUKU-LEVY, AMANDA U. (pla) | ncmdce | 1:2005-cv-00994 | 446 | 11/15/2005 | 06/16/2008 |
| | AJULUCHUKU v. BB & T CORP. | | | | | |
| 34 | AJULUCHUKU-LEVY, AMANDA U. (pla) | ncmdce | 1:2007-cv-00068 | 440 | 01/29/2007 | 10/24/2007 |
| | AJULUCHUKU v. GREENSBORO URBAN MINISTRY | | | | | |
| 35 | AJULUCHUKU-LEVY, AMANDA U. (pla) | ncmdce | 1:2007-cv-00069 | 440 | 01/29/2007 | 02/05/2008 |
| | AJULUCHUKU v. STACEY | | | | | |
| 36 | AJULUCHUKU-LEVY, AMANDA U. (pla) | ncmdce | 1:2007-cv-00103 | 440 | 02/09/2007 | 06/04/2007 |
| | AJULUCHUKU v. NNAKWE | | | | | |
| 37 | Ajuluchuku-Levy, Amanda U. (cd) | nyedce | 2:2008-cv-01752 | 440 | 05/07/2008 | 12/16/2009 |
| | Ajuluchuku-Levy v. Schleifer et al | | | | | |
| 38 | Ajuluchuku-Levy, Amanda U. (pla) | nyedce | 2:2008-cv-01752 | 440 | 05/07/2008 | 12/16/2009 |
| | Ajuluchuku-Levy v. Schleifer et al | | | | | |
| 39 | Ajuluchuku-Levy, Amanda U. (pla) | ridce | 1:2008-cv-00538 | 440 | 12/29/2008 | 01/30/2009 |
| | Ajuluchuku-Levy v. CVS Corporation | | | | | |

| | |
|---|---|
| | **Receipt** 10/17/2013 16:07:39 76121748 |
| **User** ux3930 E | |
| **Client** | |
| **Description** Civil Party Search | |
| | Name ajuluchuku-levy All Courts Page: 1 |
| **Pages** 1 ($0.08) | |

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X      ☑ Agent   ☐ Addressee <br> B. Received by (*Printed Name*)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> *Amanda U. Levy* <br> *PO Box 5471* <br> *Beverly Hills, CA 90209* | D. Is delivery address different from item 1? ☐ Yes <br>     If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered     ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number <br> (*Transfer from service label*) | 7011 3500 0001 5345 9534 |
| PS Form 3811, February 2004     Domestic Return Receipt | 102595-02-M-1540 |